ELLIS, Judge:
This appeal is from a judgment sustaining a motion for summary judgment filed herein by Travelers Insurance Company. The record reveals that plaintiff’s daughter was injured while riding as a guest passenger on a motorcycle, which was rented from Sid’s Bike Rental, Inc. Sid’s Bike Rental, Inc. had its place of business on the premises of Sid’s Super Service, Inc., an automobile service station. Travelers Insurance Company was the garage liability insurer of Sid’s Super Service Center, Inc.
The grounds alleged for the motion for summary judgment are the cancellation of the policy and,' alternatively, non-coverage under its terms. Since we are of the opinion that the policy would afford no coverage in this case, it is not necessary that we consider the cancellation point.
The policy insures against liability arising out of “ownership, maintenance or use of the premises for the purposes of a garage, and all operations necessary or incidental thereto * * * ” Under the definitions section of the policy, the word premises “does not include any portion of such premises upon which business operations are conducted by any other person or organization”.
The motorbikes were owned and rented out by Sid’s Bike Rental, Inc., which kept the bikes in a separate building on the premises. Sid’s Super Service received a percentage of the bike rental fees as rent. On Sundays, Mr. Ernest, who operated Sid’s Bike Rental, used an office in- the service station to take care of the rental business. Mr. Ernest testified that there were no employees < common to the two corporations, and that he was not connected with the s.ervice station operation except as a stockholder.
It is the plaintiff’s position that, since Mr. Ernest was connected with both corporations, and since the service station received a portion of the bike rentals as rent, the bike business was a use of the premises incidental to the garage operation, and that there is coverage under the policy.
We are of the opinion that since a separate legal entity, Sid’s Bike Rental, Inc., owned and operated the bike rental business, there can be no liability for damages arising out of the use of the premises for that purpose, since the definition of premises quoted above excludes it from coverage.
The legal relationship between Sid’s Bike Rental, Inc., and Sid’s Super Service Center, Inc. is that of lessee and lessor, and this relationship could not render the service station or its insurer liable for the negligence of the bike rental company in the conduct of its business.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.