239 So.2d 385 (1970)
William Allen WHITE
v.
CHARITY HOSPITAL OF LOUISIANA IN NEW ORLEANS.
No. 4000.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 1970.
Donald B. Ruiz, New Orleans, for plaintiff-appellant.
Ivor A. Trapolin, New Orleans, for defendant-appellee.
Before REDMANN, LE SUEUR and DOMENGEAUX, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal, on exception of no right of action, of his suit for the wrongful death of his wife against the State hospital, Charity Hospital of Louisiana at New Orleans.
The exception of no right of action does not lie to a surviving spouse's action for wrongful death. It would lie only to the action of one claiming to be but in fact not the surviving spouse. Under LSA-C.C. art. 2315, a true surviving spouse has, *386 in every case, without exception, a right of action for the surviving spouse's own damage.
What defendant erroneously described as a no right exception was in fact a defense, of charitable and governmental immunity.
The moribund chimera of charitable immunity has no application to a government hospital. The anachronistically-named Charity Hospital does not dispense charity but rather renders services to which qualified citizens are entitled as a matter of legal right; and it is supported not by alms but by taxes. Public hospitals, like public schools, are not charitable or eleemosynary institutions.
Thus the only pertinent defense is that of governmental immunity. But in view of LSA-R.S. 46:759's provision it "may sue and be sued," Charity Hospital lost its governmental immunity upon adoption of the 1960 amendment of La.Const. art. 3 § 35:
"* * * each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability. * * *"
See Reymond v. State, Dept. of Hwys., 255 La. 425, 231 So.2d 375 (1970), and Herrin v. Perry, 254 La. 933, 228 So.2d 649 (1969), where a provision that the highway department might "sue and be sued" was held such a waiver in view of art. 3 § 35.
Under R.S. 46:759 (to which the trial court's attention was not directed) and Const. art. 3 § 35, the defense of governmental immunity must be rejected.
Nevertheless, in the same pleading with its exception, defendant moved for summary judgment. The trial judge in reasons for judgment observed there was no need to consider the motion for summary judgment since the suit was being dismissed on exception.
Perhaps under the broad authority of LSA-C.C.P. art. 2164 this court might treat the dismissal of a case on exception as the equivalent of the granting of a summary judgment, where motion for such has been filed and opportunity to respond has been had; see Roloff v. Liberty Mut. Ins. Co., 191 So.2d 901 (La.App.1966). The appeal is rather from the judgment of dismissal than from the grounds used in dismissing, and the judgment may be correct although the stated grounds are not. Additionally, the efficient administration of the courts would appear to be served by an appellate court's affirming a judgment of dismissal where it is plain from the record that the suit must inevitably be dismissed.
Here, however, the trial judge had first granted summary judgment, then set it aside on motion for a new trial, and finally based dismissal on an exception rather than on summary judgment theory.
The factual situation is that plaintiff alleged breach of hospital duties toward his ill wife, who, in a "weakened and irrational condition * * * attempted to take a bath by herself and in the process of so doing, did drown." The thrust of defendant's motion is that there is no genuine factual dispute in respect to the allegation plaintiff's wife drowned. Defendant annexed to its motion the coroner's autopsy protocol reciting death resulted from natural causes. Also in the record are plaintiff's answers to interrogatories showing plaintiff has no other basis for his allegation of drowning than a newspaper story reporting his wife was found "apparently drowned." And plaintiff's response to defendant's motion attached no affidavit and no exhibit other than the news clipping; nor did plaintiff by affidavit give "stated reasons" why he could not present by affidavit facts supporting his opposition to the motion for summary judgment, C.C.P. art. 967, to justify a refusal (or a continuance) of the motion.
Had trial been held and nothing produced to support plaintiff's allegations *387 of drowning, his suit would of course have been dismissed. One purpose of summary judgment procedure is to avoid trial where a party does not have and is unable to obtain evidence to prove some indispensable element of his case. In this case the death occurred November 1, 1966, suit was filed October 31, 1967, and summary judgment was moved May 20, 1969. Thus a year and a half after suit was filed (and two and a half after the death) plaintiff still apparently had no evidence to support his allegation of drowning. Under C.C.P. art. 967 he was obliged, on defendant's apparently well-founded motion for summary judgment, either to produce affidavits supporting the drowning allegation, or to explain why he could not produce such affidavits. The result of his failure to do so must be the conclusion that there is no factual dispute, on this issue, and plaintiff's wife did not drown; and, since the whole theory of plaintiff's suit is that defendant's lack of care caused his wife to drown, the dismissal of plaintiff's suit was correct.
Accordingly the judgment of dismissal is affirmed at plaintiff's cost.
Affirmed.