REDMANN, Judge.
Plaintiff appeals from the dismissal, on exception of no cause of action, of his suit against his land title insurer for a claimed loss due to a defect in the insured title.
The insured property had been the separate property of an intestate decedent whose widow had been adjudged his sole heir and placed in possession of the property. Plaintiff purchased from the widow after securing title insurance from the defendant.
A few years thereafter a daughter born to the widow prior to her marriage to the decedent caused the reopening of decedent’s succession and was placed in possession by judgment decreeing the daughter decedent’s sole heir to his separate property, as a child legitimated by the subsequent marriage of her parents and their informal acknowledgement of her as their child, LSA-C.C. art. 198; see Henry v. Jean, 238 La. 314, 115 So.2d 363 (1959).
Plaintiff was “aware of the correctness of the facts” and, on advice of his lawyer, “became aware” of the legal conclusion that his own title was invalid.
On the daughter’s payment to plaintiff of the total of his payments for and expenditures upon the property, plaintiff transferred it to the daughter. This payment appears to have been equal in amount *384 to plaintiff’s claim against his vendor under C.C. art. 2506, which would not allow the appreciated value of the property; Burrows v. Peirce, 6 La.Ann. 297 (1851); Crowell & Spencer Lbr. Co. v. Hawkins, 189 La. 18, 179 So. 21 (1938).
However, plaintiff alleged, at the time of that transfer the property was worth $26,500, and the $10,000-odd he received from the daughter left him with a loss in excess of the $9,000 policy limits, for which he sued.
The only clause of the policy alleged in the petition is one of liability “where there has been a final determination in a court of competent jurisdiction under which the insured may be dispossessed * *
The trial judge considered the daughter’s judgment of possession not a final determination because plaintiff was not a party to those proceedings. In the sense of C.C. art. 2286, it is true that judgment was not res judicata as to plaintiff. Yet it appears to be “a final determination” as to the widow, and one under which (at least on eviction proceedings) plaintiff “may be dispossessed”. Unable, on the no cause exception, to consider the rest of the policy, we are unwilling to conclude the policy does not cover.
Nor will we say plaintiff’s having been “aware” of the facts, or his having recouped his out-of-pocket cost, defeat his claim. Being aware of facts may prompt one to seek title insurance; and a gratuitous payment by the true owner, perhaps out of sympathy for the plight of the mistaken purchaser, would not necessarily reduce the title insurer’s liability (although it might reduce the insured’s loss within other terms of the policy not pleaded by plaintiff).
Thus we conclude plaintiff’s petition did state a cause of action.
We are also satisfied that plaintiff has a right of action. If anyone has a right to sue on a title insurance policy, it is the insured, who is plaintiff here.
Nevertheless, we are obliged by LSA-C. C.P. art. 2164 to render “any judgment which is just, legal, and proper upon the record on appeal.” In Roloff v. Liberty Mut. Ins. Co., 191 So.2d 901 (La.App.1966), and in White v. Charity Hospital of La., 239 So.2d 385, decided by us this day, we have treated a judgment of dismissal on exception as a granting of summary judgment. But in those cases the exception pleading also contained a motion for summary judgment and the opposing party had had the opportunity to respond to the motion. Here there was no motion for a summary judgment, and although it appears this case is ripe for such a motion we believe it would be undesirable precedent to deny to plaintiff even the opportunity to respond and oppose such a motion.
We note doubt that plaintiff could seriously dispute either the terms of the insurance policy requiring subrogation (with preference over the insured’s own claim for any excess loss) in favor of defendant insurer, or those of his deed to his vendor’s daughter granting subrogation in favor of the daughter (suggesting the daughter either paid her mother’s debt to plaintiff or bought it from plaintiff).
Still we believe it inappropriate to consider an exception as a motion for summary judgment where no such motion and opportunity for response has in fact been had.
Accordingly, even though it appears highly probable from the record that a judgment of dismissal may ultimately prove correct, the judgment incorrectly dismissing plaintiff’s suit on exceptions of no cause and no right of action must be and is reversed and those exceptions are overruled and this matter is remanded for further proceedings. All costs are to await final outcome.
Reversed and remanded