WILLIAMS, Judge.
This appeal by plaintiff, Earline Baker, individually and as natural tutrix for Earl Ray Baker is brought from a decree granting a summary judgment in the lower court. Mrs. Baker alleges her minor son, Earl Ray, sustained injuries when hit by an automobile driven by Don L. Lacy, minor son of Nathaniel Lacy. The automobile was owned by Marvin Jackson, minor son of Marion Jackson.
These parties, as well as Fireman’s Fund Insurance Company, Lacy’s assurer, and Aetna Casualty & Surety Company, Jackson’s assurer, were also made party defendants.
Fireman’s Fund Insurance Company filed a motion for summary judgment alleging Don L. Lacy was an excluded *405 driver from coverage under its policy. A certified copy of the policy was annexed to the motion. It included an endorsement styled:
“EXCLUSION OF NAMED DRIVER
“ * * * It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by Nathaniel Lacy, Donald Lacy, Nathaniel Lacy, Jr. and Cora Bell Lacy.
“ACCEPTED /s/ Nathaniel Lacy, Named Insured and/or Spouse.”
The trial court granted the summary motion based on the clear, unambiguous intention of this clause.
LSA-C.C.P. Art. 966 relates:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed .
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
In this respect Chisholm v. Stevens, 231 So.2d 640, 644 (La.App., 4th Cir. 1970) sensibly directed:
“ * * * Any doubts as to the existence of a material factual issue are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.”
The rider exclusion of named driver on the insurance policy represents Donald Lacy and not Don L. Lacy, defendant in this suit. There is indeed a question of material fact as to whether these two names are the same person or two different people. There is nothing in the record to clarify this.
It is therefore ordered, adjudged and decreed that the summary judgment herein be set aside and this case remanded to the Third Judicial District Court for the Parish of Lincoln, State of Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
Costs of these proceedings are assessed to appellee.
Reversed and remanded.