309 So.2d 362 (1975)
Earline BAKER, Individually and as natural tutrix of Earl Ray Baker, Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY et al., Defendants-Appellees.
No. 12528.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1975.
Rehearing Denied April 1, 1975.
Writ Refused June 13, 1975.
Holloway, Baker, Culpepper, Brunson & Cooper by Bobby L. Culpepper, Jonesboro, for appellant Earline Baker.
Brown & Wicker by Robert A. Lee and William D. Brown, Monroe, for appellee, Fireman's Fund Ins. Co.
Waltman, Napper & Madden by O. L. Waltman, Jr., Ruston, for appellees, Nathaniel Lacy, individually and as Administrator for the Estate of Don L. Lacy.
Wright, Dawkins, James & Hogg by Bert C. Hogg, Ruston, curator ad hoc for appellee, Marvin Lee Jackson.
Before AYRES, HALL and DENNIS, JJ.
En Banc. Rehearing Denied April 1, 1975.
DENNIS, Judge.
This appeal presents the appellee's third attempt to obtain a summary judgment in *363 this suit. A prior summary judgment was reversed on appeal, and a second motion for summary judgment was denied by the trial court.
Appellant sued Fireman's Fund Insurance Company, alleging that it issued a liability insurance policy to Nathaniel Lacy which provided coverage for an automobile accident caused by the negligence of Lacy's minor son, "Don L. Lacy". Fireman's successfully moved for a summary judgment in the trial court on the basis of a clause in the insurance policy which excludes liability coverage from accidents which occur while an automobile is being operated by "Donald Lacy". This court, in Baker v. Fireman's Fund Insurance Company et al, 290 So.2d 404 (La.App., 2d Cir. 1974), reversed, holding there was a genuine issue as to a material fact, viz., whether the alleged driver, "Don L. Lacy", was the same person intended by the parties to the insurance contract in excluding liability coverage for negligent operation by "Donald Lacy".
On remand, Fireman's filed another motion for summary judgment supported with affidavits by "Donnell" Lacy and Nathaniel Lacy. They deposed that "Donnell" Lacy is the son of Nathaniel Lacy, who has no other children with a similar name, that it was the intention of the parties to the insurance contract to exclude liability coverage as to "Donnell" Lacy, the son of Nathaniel Lacy, and that it was through a mistake as to the form of his name that it was written "Donald Lacy" in the policy. Appellant then amended her petition to name "Donnell Lacy" as defendant. The second motion for summary judgment was overruled by the trial judge.
Later, a third motion for summary judgment was filed by Fireman's with supporting affidavits by "Don L." and Nathaniel Lacy, and a copy of Certificate of Live Birth of "Don L." Lacy showing that he is the son of Nathaniel Lacy. The affidavits contained substantially the same evidentiary facts as those filed in support of the second motion for summary judgment except that, in addition, they asserted that the son of Nathaniel Lacy was legally named "Don L." rather than "Donnell" Lacy, but through confusion and improper usage his name has come to be known as "Donnell" Lacy.
In opposition to this motion appellant filed an affidavit by her attorney which, in part, provides:
"* * * [T]hat he is one of the attorneys for plaintiff in the above entitled and numbered matter; that he has taken depositions of various parties herein; that there is a material issue of fact as to who is `Donald Lacy' within the alleged exclusion of the Fireman's Fund Insurance Company policy: that said exclusion is contrary to the public policy of the State of Louisiana in derogation of other provisions of the insurance policy in question." * * *
The court below granted Fireman's third motion for summary judgment, and plaintiff-appellant appealed.
Aside from conclusions of law, appellant's affidavit merely sets forth her attorney's statement that he is her attorney and has taken depositions of various parties, facts which do not appear to be either disputed or material in this case. Therefore, because the facts stated in appellant's affidavit do not controvert any material fact in the pleadings or Fireman's supporting affidavits, appellant failed to show there is a genuine issue for trial. The material facts shown by the pleadings and the affidavits are: The parties to the insurance contract issued by appellant intended to exclude coverage as to "Don L. Lacy", the son of Nathaniel Lacy, also known as "Donnell Lacy", and his name was written as "Donald Lacy" in the policy exclusion purely through a mistake as to the form of his name, and not through error as to the person intended; Nathaniel Lacy does not have another child by a similar name; and the automobile accident in question was *364 caused by the negligence of "Donnell Lacy", the son of Nathaniel Lacy. The pleadings and the affidavits show that appellee Fireman's Fund could not be held liable under these facts because Fireman's policy does not apply to accidents which occur while an automobile is being operated by Don L. Lacy. Therefore, it is entitled to judgment as a matter of law. La. C.C.P. Arts. 966 and 967.
The policy does afford uninsured motorist coverage for "Donald Lacy", although it excludes liability coverage for his negligent acts. Plaintiff urges that it should be against public policy for an insurer to issue a policy affording uninsured motorist coverage, but excluding liability coverage, for the same individual. In addition to the fact that plaintiff's argument is a bald invitation for a court to engage in legislation, which we may not constitutionally accept, we must reject it because no sound reason has been advanced why the enforcement of such a clause would conflict with the public interest.
The judgment of the trial court sustaining the motion for summary judgment is affirmed at the cost of appellant.
Affirmed.