STOULIG, Judge.
This is an appeal from a summary judgment dismissing the suit brought by plaintiffs Michael Wells, Jr., and Richard Friedman, Sr.,[1] against lessor-owner Robert Ca-logero, arising from injuries their minor children sustained when a gas water heater allegedly exploded in the premises 7832 Dorsett Drive rented by the Michael Wells, Jr., family.
Summary judgment was rendered on the strength of an affidavit by Robert Calogero asserting he was not the owner of the property in question and an unrecorded authentic act of sale dated February 20, 1969, which recites Robert G. Calogero sold the leased property to Maurice E. Landrieu, Pascal F. Calogero, Jr., and Charles A. Kronlage, Jr.[2] A certificate issued by the Office of the Register of Conveyances for the Parish of Orleans dated June 29, 1977, indicates Robert Calogero is the record owner of this property. Stated another way, the authentic act was never recorded, thus Robert Calogero remains the owner of record.
C.C.P. art. 966 outlines the procedure for moving for summary judgment and stipulates:
“ * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” (Emphasis added.)
In interpreting this language, our jurisprudence places a heavy burden on the mover to demonstrate absence of factual dispute on any relevant issue and holds that any doubt should be resolved in favor of the respondent to the motion. Champagne v. Travelers Insurance Co., 276 So.2d 914 (La. App. 4th Cir. 1973).
We think there is a significant factual issue, namely, ownership of the leased premises at the time of the incident. Appellee suggests the notarial act transferring the premises, coupled with defendant’s affidavit, should suffice to resolve any question of ownership. We would agree had the sale been recorded in the conveyance office, but some eight years after the purported transfer, Robert Calogero still appears as record owner. This alone is sufficient to warrant our concluding that the ownership is still an unresolved factual issue. Not all authentic acts are what they appear. For example, a counter letter may modify declarations made by parties in an authentic act.
Appellee argues appellant failed to file a countervailing affidavit to put the ownership question at issue in response to the one filed by Calogero. He argues that under our decision in Lewis v. Pailet, 349 So.2d 338 (La.App. 4th Cir. 1977), appellant is not entitled to reversal because he could not rely on speculation and assertion with *356 out some affirmative response to the affidavit. As we stated, the conveyance certificate is sufficient to make ownership a factual issue. C.C.P. art. 966 does not make mandatory the filing of countervailing affidavits and plaintiff is entitled to explore the question of true ownership by issuing subpoenas for documents that might support his positions or through cross-examination of the parties involved.
In reaching this result we do not hold that, the Public Records Doctrine (R.S. 9:2721 et seq.) is applicable or affords plaintiff in this case any protection. We simply conclude that where the public records contradict the assertions of a defendant with a substantial interest there is a factual dispute.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded for further proceedings in the district court.

REVERSED AND REMANDED.

. Michael Wells, Jr., did not appeal from the adverse judgment dismissing his suit against Robert Calogero, and therefore only the merits of the appeal by Richard Friedman, Sr., is before us.

. The consideration for said sale was $24,-395.09, of which amount $719.66 was paid in cash and the balance by the assumption of an outstanding mortgage of $23,675.43.