GULOTTA, Judge.
In this personal injury suit, plaintiff alleges that while in a bar located at 2101 S. Liberty Street in the city of New Orleans on May 30, 1977 at approximately 1:00 a. m., he was shot by an unknown assailant who was also in the bar and was either “an employee, agent and/or representative” of the lessee-operator of the bar or of the lessee-owner of the bar, or was “a customer and/or sometime invitee of the premises . ” The suit is directed against the unknown assailant, the lessee-operator of the bar and the lessor-owner. Plaintiff’s suit against the lessor-owner was dismissed by summary judgment. Plaintiff appeals. We affirm.
Plaintiff’s claim against the lessor, as set forth in the petition, is based upon the averments that the unknown perpetrator of the crime, which resulted in plaintiff’s injury, was an employee and/or agent of the defendant-lessor; and, that lessor was negligent in his failure to provide adequate security or screening of patrons and employees, and in his failure to exercise proper control over the premises.
In an affidavit attached to the motion for summary judgment, the lessor-owner states that he has no interest in the operation of the bar and was not involved in any way with the business interest of the lessee at the time of the shooting; that he had no employees and/or agents on the premises; that he was not present and had no personal knowledge concerning the circumstances of the alleged shooting; and, that he had no business interest on the premises at the time of the shooting. Defendant’s original affidavit was supplemented by a second one in which he states that based on his personal knowledge he had no employees or agents on the premises at the time of the shooting because he “had no employees of any kind, anywhere.”
In a countervailing affidavit filed in response to the defendant-lessor’s affidavit, plaintiff states that he “does not know the identity of the assailant who shot him”; that he “does not know whether the assailant, who shot him, was an employee” of the lessee-bar operator or “an employee” of the defendant-lessor or “an employee of someone else.” Plaintiff also states in the affidavit that he did not know whether or not at the time of the shooting the lessor was at or near the scene. Plaintiff’s affidavit goes on to say that for the purpose of opposing the summary judgment he “must urge” that other persons on the premises (one of whom was also injured) “were possible/probable employees” of the lessee and/or the lessor.
Nowhere in the countervailing affidavit does plaintiff state that the lessor was required to provide security and screening of patrons or had any responsibility under the leased terms to control the business operation.
In connection with a motion for summary judgment LSA-C.C.P. article 966 provides that summary judgment will be granted when there exists no genuine issue of material fact and mover is entitled to a judgment as a matter of law. LSA-C.C.P. article 967 states that supporting and opposing affidavits shall be made on personal knowledge and shall set forth facts which would be admissible in evidence and shall also show that the affiant is competent to testify in the matters contained in the affidavit.
LSA-C.C.P. article 967 further provides that when a motion for summary judgment is supported by affidavits or other documentary evidence, an adverse party may not rest on the mere allegations or denials of his pleadings but that his response, by affidavits or otherwise, must set forth “specific facts” showing that there exists a genuine issue of material facts. See Badeaux v. East Jefferson Gen. Hospital, 364 So.2d 1348 (La.App. 4th Cir., 1978); Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975); Nemeroff v. Dolphin Swimming Pool Co., Inc., 306 So.2d 94 (La.App. 4th Cir. 1974).
In Miller v. East Ascension Telephone Co., 263 So.2d 360 (La.App. 1st Cir. 1972), writs refused, 262 La. 1121, 266 So.2d 430 (La.1972) the Court stated that the mere claim by an opponent to a motion of summary judgment that he does not have in his *CMLVII possession facts and information necessary to counter the motion will not defeat the summary judgment motion.
Further, in Walker v. Firemen’s Insurance Company, 264 So.2d 277 (La.App. 3rd Cir. 1972) the Third Circuit, when confronted with a countervailing affidavit in opposition to a motion for summary judgment which was based on plaintiff’s information and belief, stated that the countervailing affidavit was not sufficient to show a genuine issue of fact as it was not based on “personal knowledge”; that it did not set forth facts which would be admissible in evidence; and, that it did not set forth that the affiant was competent to testify. See Bally Case and Cooler, Inc. v. I. A. Kramer Service, Inc., 252 So.2d 559 (La.App. 4th Cir. 1971); Written v. Police Jury of Parish of St. Mary, 297 So.2d 708 (La.App. 1st Cir. 1974); Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3rd Cir. 1971).
The pertinent and relevant parts of plaintiff’s countervailing affidavit, upon which plaintiff must stand or fall, are the statements made by plaintiff in which he claims that he does not know whether the assailant who shot him was an employee of the defendant-lessor; that he does not know whether or not the lessor was at or near the scene of the shooting at the time of the shooting; and, that he does not know whether or not the other injured party or one of the twenty-five persons on the premises at the time of the shooting were employees, agents or representatives of the lessor-defendant.
Furthermore, plaintiff, in the countervailing affidavit, frankly states that he avers only for the purposes of opposing the summary judgment and “must urge” that the assailant and two of the persons on the premises at the time of the shooting were possible/probable employees of the lessor. The countervailing affidavit of plaintiff speculatively urges that one or more of the persons on the premises were employees, agents and/or representatives of the lessor-defendant.
When we consider the content of plaintiff’s countervailing affidavit, together with the specific requirements of LSA-C. C.P. article 967, along with the conclusions of our brothers in the First and Third Circuits in the Miller and Walker cases, supra, we are led to conclude that the countervailing affidavit is not sufficient to defeat the motion for summary judgment. Clearly, the countervailing affidavit is not based on personal knowledge. Furthermore, it does not specifically state that the assailant or other specific persons in the bar at the time of the shooting were agents, employees or representatives of the defendant-lessor, but quite to the contrary, indicates that the plaintiff does not know whether or not these persons are so connected with the lessor.
The sum and substance of the allegations of the petition, when considered with the affidavit of the lessor and plaintiff’s countervailing affidavit, as well as the lease attached to lessor’s affidavit, establish only a lessor/lessee relationship between the owner and the operator of the bar. In Meche v. Travelers Insurance Company, 222 So.2d 339 (La.App. 1st Cir. 1969), writ denied, 254 La. 760, 226 So.2d 522 (La.1969), our brothers on the First Circuit stated that the relationship between a lessor and lessee would not render the lessor or its insurer liable for the negligence of the lessee in the conduct of its business. The principle stated in the Meche case is applicable to the instant one.
Under the circumstances, we conclude, as did the trial judge, that plaintiff’s motion, together with the supporting affidavit (as well as plaintiff’s countervailing affidavit) show that there exists no genuine issue of material fact and defendant-lessor is, therefore, entitled to a summary judgment as a matter of law.
Accordingly, we affirm the judgment of the trial court.

AFFIRMED.