383 So.2d 801 (1980)
HARRIS MORTGAGE CORPORATION
v.
Raymond C. JOHNSON.
No. 13141.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
James L. Dendy, Baton Rouge, for plaintiff-appellee Harris Mortg. Corp.
Doris Gates Rankin, Baton Rouge, for defendant-appellant Raymond C. Johnson.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Harris Mortgage Corporation, plaintiff-appellee, filed suit against Raymond C. Johnson, defendant, seeking to acquire Johnson's twenty percent interest in a joint venture involving plaintiff, defendant and others. From a summary judgment granted in favor of Harris Mortgage Corporation, Johnson appealed. We affirm.
On April 24, 1973, the joint venture agreement at issue was executed. Paragraph 7 provides:
"In the event it shall become necessary for the owners to put cash money into the project described herein each owner shall pay his or its pro-rata share within ten (10) days from date of demand or shall transfer all interests and ownership to said Harris Mortgage Corporation, or assigns, at the value as shown on the books at the time of demand. Each party hereto agreeing that failure to comply with the provisions of this paragraph shall constitute a forfeiture and revocation of all right to title and interest without further payment or consideration."
*802 Pursuant to Paragraph 7, cash calls were made on June 2, 1975, and July 1, 1975. Johnson's pro-rata share was $7,800.00. No part of this amount was ever paid. Harris Mortgage Corporation filed suit to enforce the forfeiture provision on September 22, 1977.
On February 5, 1979, counsel for Harris Mortgage Corporation, in accordance with LSA-C.C.P. Art. 1496, filed a request for admission of facts and of genuineness of documents. The facts and documents as to which admission or denial was sought were such that, if admitted, plaintiff's case would have been proven.
LSA-C.C.P. Art. 1496 provides in part:
"Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than fifteen days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either:
(1) An affidavit denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or
(2) Written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part.
If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder."
Johnson made no reply to the requested admissions. Therefore, each request must de deemed admitted.
Plaintiff filed a motion for summary judgment on March 14, 1979. Three affidavits and numerous exhibits, all clearly supporting plaintiff's claims, were attached.
Defendant filed no affidavits in opposition to summary judgment. Instead, on March 19, 1979, counsel propounded interrogatories and filed an amended answer raising nebulous issues. Answers to the interrogatories were not due until after the date set for trial of the summary judgment motion.
On March 30, 1979, the summary judgment motion was tried. Judgment in favor of Harris Mortgage Corporation was signed on April 3, 1979.
On appeal, counsel for Johnson urges that the trial court misconstrued the law and jurisprudence of summary judgment. We find this claim untenable.
Summary judgment is controlled by LSA-C.C.P. Arts. 966 and 967.
Article 966:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Article 967:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated *803 therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt."
Appellant's counsel maintains that 1) there was not sufficient time between the filing of the defendant's interrogatories and the trial of the summary judgment motion to compel plaintiff to file answers, and 2) that defendant's failure to file counter-affidavits should not result in summary judgment for the plaintiff.
Johnson's first attorney, appointed by the court, answered with a general denial on December 8, 1977. Therefore, LSA-C.C.P. Art. 966 made summary judgment available from that date forward. Whether Johnson's court appointed attorney was named for due process reasons or otherwise is irrelevant. The appointment and ensuing answer were unquestionably valid.
We note that present counsel for appellant was enrolled as of January 26, 1979. From that date, no interrogatories were filed until after plaintiff's motion for summary judgment of March 14. This delay is fatal to counsel's claim of inadequate time. In fact, the interrogatories filed March 19, 1979, appear to be little better than a stalling tactic as they seek answers to wide-ranging and peripheral matters.
Appellant cites authority for the contention that failure to file counter-affidavits should not result in summary judgment for the plaintiff. A close examination of the jurisprudence, however, shows that each case is merely an exception to the general rule that a party opposing summary judgment must file counter-affidavits as required by C.C.P. Art. 967 or else state reasons by affidavit why he cannot.
In Wells v. Security Insurance Company of Hartford, 371 So.2d 354 (La.App. 4th Cir. 1979), the plaintiff, opposing summary judgment, filed no counter-affidavits. Nevertheless, public conveyance office records which contradicted defendant's unrecorded authentic act of sale were held to create a genuine issue of material fact so as to preclude summary judgment.
Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir. 1977); Garlington v. Kingsley, 277 So.2d 183 (La.App. 3rd Cir. 1973), reversed on other grounds 289 So.2d 88 (La.1974); Louisiana Materials Company v. Turcich, 256 So.2d 719 (La.App. 4th Cir. 1972); and Mays v. Aetna Casualty & Surety Company, 242 So.2d 264 (La.App. 2d Cir. 1970), all stand for the principle that counter-affidavits need not be filed by the party opposing summary judgment if the motion for summary judgment has not been properly made.
In the present case, plaintiff's pleadings, together with the facts deemed admitted, *804 the affidavits and attached exhibits, show that there was no genuine issue of material fact. The motion for summary judgment was proper on its face. Johnson was, therefore, through affidavits or otherwise, bound to contradict, or give reasons why he could not, an issue of fact. Failure to do so properly resulted in summary judgment for Harris Mortgage Company. C.C.P. Arts. 996 and 967; Hardee v. Kilpatrick Life Insurance Co., 373 So.2d 982 (La. App. 3rd Cir. 1979); Badeaux v. East Jefferson General Hospital, 364 So.2d 1348 (La. App. 4th Cir. 1978); Joiner v. Lenee, 213 So.2d 136 (La.App. 3rd Cir. 1968).
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by Raymond C. Johnson.
AFFIRMED.