CHIASSON, Judge.
Plaintiff-appellant, Willie Howard, appeals the dismissal of International Harvester Company from his consolidated suits on a motion for summary judgment. Agreeing with the trial court’s finding that there is no genuine issue of material fact, we affirm the judgment of the trial court in dismissing International Harvester from the suit.
Appellant instituted three separate suits arising from an injury he sustained while serving as a garbage collector for the Parish of Terrebonne. In this accident, appellant’s fingers were crushed when they were caught in the “hook, chain and cable mechanism provided for emptying bins of garbage.” The hook, chain and cable mechanism were all part of the trash compactor.
International Harvester moved for summary judgment contending that it never manufactured, sold, installed or authorized anyone to install the trash compactor on the cab and chassis of the International Harvester vehicle. In support of its motion, International Harvester introduced the affidavit of H. E. Entwisle, a staff engineer in the Product Integrity Group of the Truck Division of International harvester Company. Entwisle stated that International Harvester only sold the cab and chassis and that no trash compactor was manufactured, sold, or installed by the company.
Appellant asserts that the trial court erred in granting the motion for summary judgment since this suit had not progressed sufficiently at this time for the plaintiff to have adequate facts to oppose the motion. Appellant filed an Opposition to Motion for Summary Judgment and attached the affidavit of his attorney. The affidavit stated that the attorney has had insufficient time within which to obtain depositions and discovery so as to admit or deny the allegations of the affidavit filed by International Harvester.
We take note that his suit was instituted on March 10, 1977, and the hearing on the motion was conducted on January 12, 1979. The only discovery method used by the appellant was a set of interrogatories filed the same day suit was filed. International Harvester has filed interrogatories that have been answered by the appellant but a request for admissions filed on their behalf have not been answered.
The admissions requested by International Harvester were never denied so we must *609 accept them as true. La.C.C.P. art. 1496; Harris Mortg. Corp. v. Johnson, 383 So.2d 801 (La.App. 1st Cir. 1980). The two admissions that aid International’s cause is the admission that Peabody International, Inc. installed the trash compactor and that International Harvester did not install the trash compactor manufactured by Peabody International, Inc.
Louisiana Code of Civil Procedure articles 966 and 967 set forth the fundamental principles of summary judgment. Article 966 provides in pertinent part the criteria for summary judgment:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and. that mover is entitled to judgment as a matter of law.”
Article 967 provides for resolving certain situations such as the one we have in this case.
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is genuine issue for trial. If he does not so respond, summary judgment if appropriate, shall be rendered against him.
“If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
The Supreme Court in Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979) provided an explanation of the ’ above mentioned articles.
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966; Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
In Sanders v. Hercules Sheet Metals, Inc., 385 So.2d 772 (La.1980), the Supreme Court dealt with the problem of the party oppos *610 ing the motion offering no evidence. The Court therein stated:
“On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.” Sanders, supra. P. 775. See Jones v. American Bank & Trust Co., 387 So.2d 1360 (La.App. 1st Cir. 1980); and Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975).
We must determine whether International Harvester has carried its burden of proving there is no genuine issue as to a material fact and it is entitled to judgment as a matter of law. Plaintiff has set forth in his original petition as well as in his first amended petition the following specifications of negligence:
“Violating the standards of due care; Failing to adequately instruct and superintend activities for person under their control;
Manufacturing a highly dangerous instrumentality with no warning and no safety devices;
Failing to observe safety precautions that may have come with the vehicle;
Such negligents or breach of warranties that may be shown at the trial or during discovery hereof.”
“Failing to provide adequate and safe instructions for the use of said vehicle;
Failing to manufacture the bin-dumping device in such a fashion that it could not become entangled with other parts of the vehicle;
Failing to provide warning devices when the crusher was activated;
Failing to provide safe guards for the operation of dangerous equipment;
Failing to discharge defendant’s duties of due care to the Police Jury, once said instructions were undertaken.”
These acts of negligence deal with the manufacture, installation, or sale of the trash compactor and not the truck itself. Therefore, International Harvester by way of its affidavit has carried its burden of proving no genuine issue of material fact as to them. Appellant is therefore required to show what facts are in dispute or give stated reasons why he cannot. Harris, supra; Miller v. East Ascension Telephone Co., 263 So.2d 360 (La.App. 1st Cir. 1972); writ refused 262 La. 1121, 266 So.2d 430 (1972).
Appellant does not dispute any fact in the affidavit filed by International Harvester. He only claims that he has insufficient time to take dispositions and discovery to deny or admit these allegations.
Article 967 grants to the trial court discretion to reject the application for judgment when a party opposing the motion cannot by affidavit provide facts to justify his contention. In this case we do not find any abuse of discretion. The length of time between the filing of the suit and the date the motion for summary judgment was heard is more than adequate time for establishing the facts of liability as to this defendant. Miller, supra; and White v. Charity Hospital of La. in New Orleans, 239 So.2d 385 (La.App. 4th Cir. 1970). Since there is no genuine issue as to any fact and the defendant has established that it is entitled to judgment as a matter of law, the trial court was correct in granting the motion. Harris, supra; Jones, supra; Miller, supra; Joseph v. Doe, 377 So.2d 875 (La. App. 4th Cir. 1979); and Continental, supra.
For the reasons assigned the judgment of the trial court dismissing International Harvester from these consolidated cases is affirmed at appellant’s costs.
AFFIRMED.