WARD, Judge.
This is an appeal by Ethel Harris from a District Court summary judgment in favor of Chrysler Credit Corporation [Chrysler Credit].
The judgment, commonly called a deficiency judgment, was for the balance due on a promissory note signed by Mrs. Harris on August 30, 1977, when she purchased an automobile from Star Chrysler-Plymouth Sales, Inc. [Star Chrysler]. Chrysler Credit financed the purchase and became the holder of a consumer credit contract which contained a promissory note and a chattel mortgage. Almost one year later, on August 28, 1978, Mrs. Harris filed a redhibi-tory action against Star Chrysler in the District Court, and thereafter, in November 1979, she stopped making payments on the promissory note. In January 1980, Chrysler Credit sued on the note and mortgage for executory process; judgment was rendered in favor of Chrysler Credit, and Mrs. Harris’s automobile was seized and sold. After the sale of the automobile, the proceeds *1371 were applied to Mrs. Harris’s note, and Chrysler Credit sued for a deficiency judgment for the balance. Mrs. Harris answered by denying she owed Chrysler Credit anything under the note. She also pleaded as a defense her suit for redhibition that was pending against Star Chrysler, and she asked for judgment dismissing Chrysler Credit’s petition. After the answer, Chrysler Credit moved for summary judgment and supported that motion with an affidavit of its collection manager.
Counsel for Mrs. Harris did not file either an affidavit or a deposition, or answers to interrogatories, or admissions by Chrysler Credit to oppose the motion for summary judgment; rather, he was content to rely on the answer in his pleadings. The Trial Judge 'nevertheless rendered summary judgment in favor of Chrysler Credit, which Mrs. Harris now appeals. She contends the pleadings, her answer, were sufficient to defeat the motion for summary judgment, and the Trial Judge erred when he granted it.
We disagree. We believe the Trial Judge correctly rendered summary judgment, and we affirm for the following reasons.
While it is true that summary judgment is not to be used as a substitute for a full trial of controverted fact issues, its purpose is to provide a procedural device to determine before trial whether there is a genuine issue of fact, and “. .. judgment sought shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. Art. 966.
In this case the pleadings of Chrysler Credit stated a cause of action, and the affidavit supported the pleadings. The affidavit showed that Mrs. Harris had not made the payments required by the terms of her promissory note; that Chrysler Credit, through executory process, had the automobile seized and sold; and that the proceeds of the sale were applied to the note, but a deficiency remains.
Mrs. Harris did not file counter-affidavits; she filed an answer, however, which not only was a general denial, but also was an affirmative defense:
ANSWER
NOW INTO COURT, through undersigned counsel comes Ethel W. Harris, defendant herein, and in answer to said suit does state:
I.
Articles I, II, III, IV and V are denied.
AND NOW FURTHER ANSWERING, defendant does state:
1.
That she offered to tender said vehicle to petitioners herein as a result of defects in said vehicle, but that petitioners did refuse said tender; that she has filed a suit herein entitled “Ethel W. Harris versus Star Chrysler-Plymouth Sales, Inc.,” bearing number 78-12739, setting forth various allegations relative to defects in said vehicle, and therein requesting rescission of said sale; that she does plead those allegations contained in the above-mentioned suit as if copied in extenso.
WHEREFORE, the premises considered, petitioner prays that this answer be deemed good and sufficient, and after all due proceedings that there be judgment-herein in favor of Ethel W. Harris, dismissing the petition of Chrysler Credit Corporation, at its cost;
Petitioner further prays for all general and equitable relief.
Because Mrs. Harris did not file counter-affidavits, or any other proof, there is not a genuine issue of fact as to matters alleged in Chrysler Credit’s petition. Chrysler Credit, therefore, was entitled to summary judgment, unless Mrs. Harris’s affirmative defense, unsupported by affidavits, was sufficient to defeat a motion for summary judgment.
We do not believe Mrs. Harris’s pleadings were sufficient, for several reasons: they *1372 did not show there was a genuine issue of fact as to matters alleged by Chrysler Credit, and they were not, moreover, supported by an affidavit. Although Mrs. Harris, in her answer, referred to pleadings in a different lawsuit filed in another section of court, that record was not offered as evidence. In other words, she did nothing but file an answer. For that proposition we rely on LSA-C.C.P. Art. 967, which states:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Further, we believe that Chrysler Credit did not have to refute by affidavit or otherwise the allegations made by Mrs. Harris in her affirmative defense to obtain a summary judgment. Facts to support an affirmative defense are largely within the knowledge of the defendant who alleges them, and the defendant should bear the burden of supporting those allegations by affidavits or other means. We believe this view is supported by the law and common sénse. The law, LSA-C.C.P. Art. 967, requires that the response be supported, and we interpret this to include pleadings which allege an affirmative defense. Common sense dictates this rule. Otherwise, the wildest unsupported allegations in an answer will defeat any motion for a summary judgment.
We recognize that there are exceptions to the rule that the failure of an adverse party to file counter-affidavits will result in a summary judgment. The exceptions to the general rule, however, “all stand for the principle that counter-affidavits need not be filed by the party opposing summary judgment if the motion for summary judgment has not been properly made.” Harris Mortgage Corporation v. Johnson, 383 So.2d 801 (La.App. 1st Cir. 1980). As an example, in Blount v. Exxon Corporation, 395 So.2d 355 (La.App. 1st Cir. 1981), the First Circuit found that the lower court erred in granting summary judgment when affidavits filed by Exxon, the moving party and the only one to file affidavits, failed to establish there was not a genuine issue of material fact. In that case Exxon attempted to show that the activity of an injured worker was regularly done as a part of the “normal course of its trade, business or occupation.” The affidavits from Exxon were inconclusive for this factual determination, and it was not entitled to judgment as a matter of law. Similarly, in Chaisson v. Domingue, 372 So.2d 1225 (La.1979), where it was undisputed that the teacher-plaintiff had been injured while attending a school band concert, summary judgment was not appropriate where it was unclear whether the moving party, her professional liability insurer, was entitled to judgment as a matter of law. Finally, in Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982), the Supreme Court found that even though South Central Bell was the only party to file affidavits, it was not entitled to summary judgment because there were contradictions on factual issues created by the depositions and the affidavits stated conclusions of law rather than evidentiary facts.
Hence, even if affidavits are unanswered, a motion for summary judgment should not be granted if the moving party is not entitled to it as a matter of law or if the affidavits themselves show a material issue of fact. This is not so in the instant case. We do not believe the exceptions are applicable, and the general rule applies. Mrs. Harris could not rest on the allegations in her pleadings.
We, therefore, hold that when the purchaser of consumer goods raises the affirmative defense of redhibition, that defense must be supported by affidavits to defeat a motion for summary judgment. The affidavits of the moving party do not have to negate the defense, because the defense may make allegations which only the defendant can substantiate. To hold otherwise would permit any defendant to pre *1373 vent summary judgment merely by filing an affirmative defense.
Because we conclude that Chrysler Credit was entitled to summary judgment as a matter of law, we do not find it necessary to consider whether, as Chrysler Credit contends, Mrs. Harris’s defense of redhibition has prescribed or to consider any of the reasons Chrysler Credit and the Trial Judge relied upon for summary judgment.
We, therefore, affirm and assess cost of this appeal and the trial of the motion for summary judgment to defendant.
WILLIAMS, J., dissents with written reasons.