CHEHARDY, Judge.
Alice Thompson and Marrion Wallace, the mother and fiance of decedent Ricky B. Thompson, filed this suit for breach of contract and penalties and attorney’s fees against his late employer, Brown & Root, Inc., and its group insurer, Life Insurance Company of the Southwest, for failure to pay insurance benefits due following Thompson’s death. They appeal from a judgment dismissing their suit on defendant’s motion for summary judgment.
The record reflects the following facts:
Ricky Thompson was employed by Brown & Root from August 13, 1980 until October 23, 1980 when he was terminated due to a reduction in force. He died on November 16, 1980, apparently of causes unrelated to his work. During the period of his employment, he was covered by interim term life insurance in the sum of $5,000 provided at no cost to him, effective on the first day of the month following the date of his employment.
This coverage remained in effect until the employee became eligible for full group insurance coverage, effective the first day of the third month following the date of employment, at which time the interim term life insurance ceased to exist.
Full group insurance is an optional benefit for which employees are required to pay premiums. The plan provides for medical, life, and accidental coverages and authorizes his employer to deduct from his salary one month in advance, premiums to pay for such insurance. He named “Marrion Wallace, friend” beneficiary of the life and accident benefits. (Under his interim policy, his parents, Waymon and Alice Thompson, would have been the mandatory recipients of the proceeds.)
*1278 The employer deducted the sum of $10 for health insurance; $16.45 for life insurance; and $2.20 for accidental death insurance, a total of $28.65, from decedent’s October pay check to cover the cost of premiums for the group policy to be effective November 1. These premiums were later returned after decedent died.
The employer at first denied any sum was due after Thompson’s death because he was no longer an employee at the time of death, and had not converted his group policy to an individual policy as he was entitled to do within 31 days of his termination of employment.
However, after suit was filed by the mother, and Marrion Wallace (later joined as a party plaintiff by supplemental petition), the defendants answered and the insurer reconvened to convert the suit to one of concursus, admitted owing $5,000 for which there were two adverse claimants, and deposited $5,000, allegedly representing the full proceeds due, in the registry of court. Thereafter defendants filed a motion for summary judgment.
Upon joint motion of both plaintiffs’ attorneys, the parents withdrew the funds in the registry of court; Ms. Wallace’s attorney indicated he made no claim on her behalf for those proceeds.
The sole issue for our determination is whether or not the trial court erred in granting a motion for summary judgment.
In passing upon a motion for summary judgment the court is called upon to decide whether the pleadings, depositions, answers to interrogatories and admissions on file, together with such affidavits as the parties may have submitted, show absence of a genuine issue as to material facts and that mover is entitled to a judgment as a matter of law. LSA-C.C.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Jewell v. Thompson, 386 So.2d 689 (La.App. 3d Cir.1980); Harris Mort. Corp. v. Johnson, 383 So.2d 801 (La.App. 1st Cir.1980); City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979).
The mover has the burden of affirmatively showing the absence of a genuine issue of material fact, and any doubt as to the existence of such issue is to be resolved against granting the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La.App. 1st Cir.1981).
In support of their motion defendants filed the affidavits of Stephen M. Belikoff, vice president and general counsel of defendant insurer, and Roger I. Loban, employee benefits manager of communication of decedent’s insurer. Attached thereto is a booklet of employees benefits provided for each new employee, decedent’s application for full group insurance coverage, and the rules of employment received and signed by decedent on the date he was hired, and a copy of the group policy.
We note the policy expressly limits the amount of insurance recoverable on behalf of an employee whose employment has been terminated, to that amount in effect on the employee’s last day of active work. In the instant case this amount would be $5,000, the amount defendants deposited in the registry of court.
The insurer admits decedent had 31 days in which to convert the group coverage to an individual policy in that sum, and since he died within the 31-day period they concede they owe the $5,000. Since he did not die while the interim policy was in effect it seems clear there could be no additional benefits due during that period.
In opposition to defendants’ motions, plaintiffs’ attorney filed his own affidavit claiming there are numerous unanswered questions of law and fact, and he is unable to file countervailing affidavits because discovery is incomplete.
This affidavit does not controvert any material fact in the pleadings or supporting affidavits and fails to show there is a genuine issue for trial. (We note here that it was plaintiffs’ attorney who filed a motion to set the matter for trial on the merits.) Howard v. Callahan, 396 So.2d 607 (La.App. 1st Cir.1981); Aydell v. Charles Carter & *1279 Co., Inc., 388 So.2d 404 (La.App. 1st Cir.1980); Jones v. American Bank & Trust Co., 387 So.2d 1360 (La.App. 1st Cir.1980); See Baker v. Fireman’s Fund Insurance Company, 309 So.2d 362 (La.App.2d Cir.1975).
It appears to our satisfaction that the sum of $5,000 is all that is due under the terms of the policy, and having two claimants seek the proceeds, defendants properly converted the proceedings to one of concur-sus. Since the claimants have jointly withdrawn the funds from the registry of court, there is clearly no fact which remains to be litigated.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.