413 So.2d 538 (1982)
Cecelia MEYERS
v.
GULF INSURANCE COMPANY, et al.
No. 12808.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Rehearing Denied May 19, 1982.
*540 Bienvenu, Foster, Ryan & O'Bannon, Leonard A. Young, Henican, James & Cleveland, Joseph P. Henican, III, New Orleans, for defendants-appellees.
Gordon Hackman, Boutte, for plaintiff-appellant.
Before BARRY, AUGUSTINE and WILLIAMS, JJ.
BARRY, Judge.
Plaintiff appeals a summary judgment as to one defendant and also appeals an adverse ruling on exceptions of no cause of action and res judicata in favor of a co-defendant.
This lawsuit arose because of injuries sustained by Cecelia Meyers when the St. Charles Parish School Bus in which she was a passenger was struck on the right rear side by a truck as the bus was attempting to turn into a Burger King parking lot. Meyers sued Burger King alleging negligence in soliciting school bus business but failing to make its driveway wide enough to accommodate a bus. The District Court granted a summary judgment in favor of Burger King from which plaintiff appeals.
Meyers also sued the St. Charles Parish School Board, its bus driver Shirley Friloux, and Gulf Insurance Company. A motion for summary judgment was also granted in favor of these defendants and no appeal was taken. Plaintiff then amended her petition alleging that the school bus was not insured and Gulf owed uninsured coverage: Gulf's exceptions of no cause of action and res judicata were maintained from which plaintiff now appeals.
This record consists of pleadings, depositions, and affidavits. No reasons were given for the lower court judgments. Plaintiff failed to file a brief or appear at the time of argument, but the morning of the hearing did file notice that the appeal was not abandoned.
It is undisputed that plaintiff was an employee of the School Board and was on its bus in the course of her employment. Plaintiff's petition alleges Burger King was negligent for:
"Soliciting school bus load business, but failing to make driveways wide enough for entrance of such large vehicles from the highway unto (sic) the premises owned and operated by Burger King."
Burger King filed two affidavits in support of its summary judgment motion. The first was by William Hyde, a Vice President responsible for advertising, who stated Burger King never solicited school bus business. The other affidavit by Joe Robbins, a Vice President of Burger King's parent corporation, stated he was familiar with the design and construction of Burger King properties and this particular location was wide enough to accommodate large school busses.
By deposition the bus driver stated the school bus was 90% onto the restaurant property and moving forward when the collision occurred. She also said there was adequate room for the bus to enter and had driven similar busses into the same Burger King on numerous occasions without difficulty. She added: "I drove into that Burger King with my other bus, without power steering, made the turn very well, and this bus had power steering, and it was very easy to handle."
Plaintiff was deposed and confirmed that the bus was moving forward when the collision occurred. She also admitted the bus had no difficulty turning into the driveway and was almost completely off the highway at the time of the accident.
Plaintiff filed an opposition to the summary judgment without a memorandum. Attached to the opposition was an affidavit from plaintiff's counsel which stated he personally viewed the area and "... (i)n his judgment, the driveways were not wide enough to accomodate buses, turning into the parking lot from the right lane of travel."
*541 A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. The mover for summary judgment has the burden to establish no material factual issue exists: inferences drawn from the facts contained in the record must be viewed in the light most favorable to the opposition to the motion. Mashburn v. Collin, 355 So.2d 879 (La.1977). If the documents appear sufficient to resolve genuine issues of material fact, the burden shifts to the opposing party to present evidence that there is a genuine issue of material fact to be resolved.
LSA-C.C.P. Art. 967 requires that opposing affidavits be made on personal knowledge and set forth facts admissible in evidence. The affidavit of plaintiff's attorney falls short of this requirement because it does not show affirmatively that the affiant is competent to testify to the matters contained therein. This requirement is met if the affidavit sets forth facts which would enable a court to make a determination as to the competency of the affiant as a witness to the material facts at issue. Plaintiff's attorney does not allege he is an engineer, architect, contractor, surveyer, etc. and his "judgment" does not controvert any of the material facts. The failure of the opposing affidavit to affirmatively show that statements were made on personal knowledge does not prevent judicial consideration of the affidavit; however it is clear plaintiff's attorney's affidavit is not based on personal knowledge of the facts.
Even though plaintiff's counter affidavit is without substance, the moving party must initially establish there is no genuine issue of material fact and judgment should be entered as a matter of law. Harris Mortgage Corporation v. Johnson, 383 So.2d 801 (La.App. 1st Cir. 1980).
Plaintiff's deposition admits the bus driver had no difficulty turning into the parking lot and was almost completely in when the accident happened. The bus driver left no doubt that the driveway into the restaurant was adequate based upon personal experiences at the same location on numerous prior occasions. This testimony coupled with the affidavits eliminates any genuine issue of material fact that the Burger King entrance was wide enough to accommodate the school bus.
There is no evidence Burger King solicited school bus business. Defendant's challenged affidavit to the contrary was not rebutted or even mentioned in plaintiff's opposing affidavit.
The pleadings, affidavits, and depositions convince us the motion for summary judgment was sufficient to resolve all genuine issues of material fact and that Burger King could not be held liable and is therefore entitled to judgment as a matter of law.
Gulf Insurance Company was made a defendant as a result of a policy issued by Select Insurance Company, a member of the Gulf Group. The policy provided coverage to the St. Charles Parish School Board, but excluded liability coverage of co-employee to a fellow employee. Gulf submitted an affidavit which stated the bus driver was within the course of her employment at the time of the accident. The Gulf policy did not provide coverage because plaintiff, a co-employee, was also within the scope of her employment when injured. The District Court granted summary judgment in favor of Gulf Insurance Company and no appeal was taken. Subsequently, plaintiff filed an amended petition alleging Gulf did not provide uninsured coverage which was owed to plaintiff. Gulf responded with an exception of no cause of action and also claimed the matter was res judicata and the exceptions were maintained.
The Gulf/Select policy is in evidence and clearly shows that such coverage was provided. For plaintiff to come under the uninsured provisions of the policy she must be an "insured" under the liability provision. Robertson v. Cumis Insurance Co., 355 So.2d 1371 (La.App. 3rd Cir.), Writ *542 denied, 357 So.2d 1153 (La.1978). Under Select's policy an insured is any person occupying an "insured highway vehicle" which is described in the schedule and "to which the bodily injury liability coverage of the policy applies." We are not concerned with bodily injury liability since that issue was decided by the summary judgment which was not appealed and is therefore final. It follows that if the bodily injury coverage is not applicable then plaintiff was not an "insured" and the lower court judgment maintaining the exception of no cause of action was proper.
The judgments of the District Court as to both defendants are affirmed with appellant to pay all costs of this appeal.
AFFIRMED.