GARRISON, Judge.
Plaintiff appeals from a judgment of the district court granting defendants’ motion for summary judgment and dismissing plaintiffs demand. We reverse this judgment and remand the case to the district court for trial on the merits.
On June 7, 1982, plaintiff, Okbay Gela, filed suit against defendants, Shaker Ham-dan and Asad Esmail, individually and d/b/a Shug’s Grocery, alleging that he was employed by defendants from on or about January 2, 1981 through January 2, 1982. His principal claim was that defendants owed him past due wages, the amount of which was to be determined in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq., commonly referred to as the minimum wage law. Alternatively, plaintiff claimed that defendants owed him past due wages, based on the minimum wage law, within three days of his discharge in accordance with Louisiana Revised Statute 23:631.
On November 23, 1982, defendant filed a motion for summary judgment and attached affidavits of income tax returns for the defendants’ grocery business prepared by the defendants’ accountant. According to defendants, these returns proved that neither the defendants nor the défendants’ business enterprise was subject to the Fair Labor Standards Act because they did not meet the minimum annual gross income required by the Fair Labor Standards Act for any of the years 1977-1982. Defendants further alleged that because they were not subject to the Fair Labor Standards Act, plaintiff cannot assert a cause of action against the defendants based upon Louisiana Revised Statute 23:631.
Plaintiff filed a memorandum in opposition to defendants’ motion for summary judgment on February 3, 1983. In this memorandum, plaintiff asserted that an issue of fact exists as to whether or not plaintiff was employed by the defendants. This assertion was based on the fact that defendants denied that plaintiff was ever *428 their employee in their answers to interrogatories propounded by the plaintiff and did not address this issue in their motion for summary judgment. Plaintiff also alleged that defendants’ business was an “enterprise” as contemplated by the Fair Labor Standards Act in that defendants allegedly' had control over other grocery stores in the New Orleans area. If this last allegation is found to be correct, plaintiff contends that defendants could be subject to the minimum wage law in that their annual gross income could be in excess of the minimum amount required by the Fair Labor Standards Act. According to plaintiff, these issues raise questions of fact thereby making summary judgment inappropriate.
It is well settled that a motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 (La.1983); Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In a motion for summary judgment, the burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. “The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated.” Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, supra; Meyers v. Gulf Insurance Company, 413 So.2d 538 (La.App. 4th Cir.1982), denied at 420 So.2d 442 (La.1982).
After a review of the record, we are of the opinion that the defendants-movers have not met their burden of proving the non-existence of a material fact in dispute. Despite the very detailed affidavits submitted by defendants in support of their motion for summary judgment, it is quite clear from the record as a whole that questions of fact, remain as to whether plaintiff was employed by defendants and whether defendants gross income was of an amount which would subject them to the Fair Labor Standards Act.
The information contained in defendants’ affidavits is insufficient to resolve plaintiff’s allegations that defendants had control over other businesses in the New Orleans area thereby making defendants an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act. The Act, in pertinent part, defines “enterprise” as:
“related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing agreements ...” 29 U.S.C. Section 203(r)
It is clear from eases defining the elements of this definition that plaintiff’s allegations, if proven correct, could possibly bring defendants within this definition. See Brennan v. Arnheim and Neely, Inc., 410 U.S. 512, 93 S.Ct. 1138, 35 L.Ed.2d 463 (1973). This presents a question of fact.
Therefore, we reverse the judgment of the trial court in granting defendants’ motion for summary judgment and we remand this case to the district court for trial on the merits.
REVERSED AND REMANDED.