WILLIAMS, Judge.
Plaintiff appeals a trial court judgment granting defendant’s motion for summary judgment and dismissing plaintiff’s suit at plaintiff’s costs. We affirm.
Concerning the requirements for a suit in workers’ compensation, La.R.S. 23:1314 states:
Unless ... it is alleged ... that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed.
Plaintiff’s petition alleged that he needed additional medical treatment and tests, that he had made demand upon defendant for payment of such, and that defendant had refused. Plaintiff alleged that this constituted a failure to cover the medical expenses associated with plaintiff’s injury and that this was arbitrary, capricious, and without probable cause, and prayed for the total due plus 12% penalties and $5,000.00 attorney’s fees under La.R.S. 23:1201.2.
*628 In answer, defendant alleged that all amounts due plaintiff had been paid in full and were continuing to be paid pursuant to the requirements of the Louisiana Workers’ Compensation Statute, and prayed that plaintiffs petition be dismissed at plaintiffs cost.
After depositions and interrogatories, defendant filed a motion for summary judgment alleging that there was no genuine issue as to material fact because plaintiff had been paid workers’ compensation disability benefits from the inception of his disability and all medical bills submitted to defendant had been paid. In the attached affidavit, defendant Liberty Mutual’s claims supervisor in charge of plaintiff’s file swore on personal knowledge that, as represented by the payment records attached, plaintiff had been paid all compensation benefits and all bills presented to defendant for payment.
After the motion was set for hearing, plaintiff filed a memorandum in opposition, alleging that “[tjhere are outstanding medical bills and in fact when Lawrence Johnson was admitted to East Jefferson General Hospital, he was told that no surgery would be paid for.” In the attached affidavit, plaintiff swore that “all compensation benefits are not being paid in that there exists outstanding medical bills, prescription bills, etc.” Plaintiff further swore that “on his last stay in East Jefferson General Hospital it was specifically stipulated that defendants would not pay for any surgical procedures.”
In a judgment without written reasons “after hearing the pleadings, evidence and argument of counsel, the court considering the law and evidence ...”, the trial judge maintained defendant’s motion for summary judgment and held in favor of defendant and against plaintiff, dismissing plaintiff’s suit at plaintiff’s costs.
The Louisiana Code of Civil Procedure requires that:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

Art. 967.
Plaintiff’s sworn statement that while at East Jefferson General Hospital he was told that defendants would not pay for any surgical procedures, was merely hearsay and failed to meet the requirements of an opposing affidavit set forth in La.C.Civ.Pro. Art. 967. That affidavit can still be considered by the trial judge, Meyers v. Gulf Insurance Company, 413 So.2d 538 (La.App. 4th Cir.1982), but, the trial judge is free to give it little or no weight in his decision. Even if the counteraffidavits submitted by the plaintiff are without substance, the court must still determine that the defendant has established that he is entitled to the summary judgment. See Harris Mortgage Corporation v. Johnson, 383 So.2d 801 (La.App. 1st Cir.1980); Meyers, supra; Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975).
The court stated in Jack v. Fidelity and Casualty Company of New York, 306 So.2d 806 (La.App. 3d Cir.1975):
In determining whether a suit should be dismissed on an exception of prematurity under LSA-R.S. 23:1314, the test is not whether the employer has refused to pay the medical bills incurred, but instead is whether “the employee has not been furnished proper medical attention.” In the instant suit the record shows that plaintiff has been furnished proper medical attention and that he is currently being furnished such attention. Even if we *629 accept plaintiffs argument that defendant has refused to pay some medical and travel expenses, that would not defeat defendant’s exception of prematurity.
See also Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3d Cir.1968); Ducote v. Harris, 335 So.2d 91 (La.App. 3d Cir.1976); Cooley v. Liberty Mutual Insurance Company, 346 So.2d 1352 (La.App. 3d Cir.1977).
The trial judge considered the evidence and concluded that defendant was meeting his obligation to provide plaintiff with proper medical treatment as well as fulfilling the other obligations of La.R.S. 23:1314, such that plaintiffs allegations were “without reasonable cause or foundation in fact.” requiring his petition to be dismissed. We find no error in this conclusion, nor in the trial judge’s determination that there remained no genuine issue of material fact concerning defendant’s fulfillment of his statutory obligation.
For the foregoing reasons, the decision of the trial court is AFFIRMED.
AFFIRMED.