762 So.2d 242 (2000)
Randy LEDET
v.
John DOE, John Smith, LJH, Inc. d/b/a M.A. Green Shopping Center, Travelers Property Casualty Insurance Company, Carlo De Matteo and D.C. Lounge, Inc.
No. 00-CA-112.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 2000.
Brian F. Guillot, New Orleans, Louisiana, Counsel for Randy Ledet, Plaintiff-Appellant.
Bruce D. Burglass, Jr., Andre C. Gaudin, Burglass & Associates, L.L.C., Metairie, Louisiana, Counsel for Carlo De Matteo, Defendant-Appellee.
*243 Panel composed of Judges CHARLES GRISBAUM, Jr., SUSAN M. CHEHARDY and JAMES L. CANNELLA.
CHEHARDY, Judge.
Plaintiff appeals a partial summary judgment which dismissed defendant Carlo De Matteo from this lawsuit. We affirm.
This is a suit for personal injuries inflicted on plaintiff, Randy Ledet, when he was attacked in a parking lot adjacent to D.C.'s Lounge, Inc. Ledet and a friend were standing near their car on December 13, 1997 discussing whether to enter D.C.'s Lounge when they were beaten by unknown parties. The parking lot is located in M.A. Green Shopping Center at 116 Terry Parkway in Gretna. D.C.'s Lounge is located at 111 Wright Avenue in Gretna.
Ledet filed suit against the unknown attackers (designated as John Doe and John Smith); LHJ, Inc. d/b/a M.A. Green Shopping Center, which owns the shopping center; LHJ's insurer; Carlo De Matteo, owner of the premises on which D.C's Lounge is located; and against D.C.'s Lounge, Inc. He alleged that LHJ, De Matteo and D.C.'s Lounge were negligent in failing to maintain adequate lighting in the parking lot areas and failing to provide adequate security for users of the parking lot and patrons of D.C.'s Lounge.
Defendant De Matteo filed a motion for summary judgment on the basis that the premises are leased and under the lease he is not liable for their condition. He stated that the lessee is Dulcilene S. Chick, who operates the business known as D.C.'s Lounge. De Matteo asserted that he does not operate the lounge and that neither Chick nor any of her employees were aware of the altercation in which plaintiff was injured until plaintiff filed suit (nearly a year after the actual incident). Further, neither De Matteo nor Chick were aware of any defects with the lighting in the parking area of the lounge or any unsafe condition on the premises.
De Matteo argued that liability of a business owner or operator for safety of persons on his premises does not extend to unforeseeable or unanticipated criminal acts by third persons; that Chick contractually assumed responsibility for the condition of the premises; and that De Matteo was an absentee landlord who was not given the requisite notice that any alleged defect existed with regard to the lighting or need for security in the parking area.
In support of these assertions De Matteo filed affidavits by himself and by Chick. In his affidavit De Matteo states that he was never called upon to make any repairs or correct any alleged defects with regard to lighting of the parking lot area or to provide security; that he received no warning or notice that there were any problems concerning the condition of the lighting in the parking lot area and/or a need for security; and that he was first advised and became aware of an alleged defect in lighting and security following receipt of this lawsuit. In Chick's affidavit, she states that neither she nor any of her employees were ever made aware of any criminal activity in or about the parking lot of the lounge, nor any problems which suggested the need for additional security measures to supplement ordinary police protection; that neither she nor her employees were aware of any fights occurring in or about the parking lot of the lounge on or before the date of the incident, nor were they aware of the incident made the basis of this lawsuit, until after this suit was filed; and that she first became aware of the allegation or claim of defect in the lighting in the parking lot area and the alleged need for additional security following the filing of this suit.
In addition De Matteo attached a copy of the lease, which states in pertinent part:
Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused ... by any vices or defects of the leased property, or the consequences thereof, except in the case of positive *244 neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused, thereby. Should Lessee fail to promptly so notify Lessor, in writing of any such defects, Lessee will become responsible for any damage resulting to Lessor or other parties.
In opposition to the motion for summary judgment, plaintiff submitted photocopies of documents recording various calls for assistance from the Jefferson Parish Sheriff's office in 1996 and 1997, recording complaints ranging from disturbing the peace and fighting to battery, criminal damage, and vandalism in the area around 111 Wright Avenue, Gretna. Some of the reports specifically referenced D.C.'s Lounge. Plaintiff argued these call reports provided sufficient notice of criminal activity in and around the premises to place the absentee landlord or business owner on notice concerning illegal activity and to place the burden on the owner to undertake sufficient measures to protect its customers. Plaintiff also argued that the police reports place doubt on the credibility of Chick's affidavit disclaiming knowledge of any incidents.
Finally, plaintiff noted that De Matteo had leased the premises for the disclosed purpose of use as a "restaurant and lounge," which plaintiff contended creates an issue of material fact as to whether the defendant should have known that certain criminal activity would take place around the lounge.
On August 13, 1999, the trial court granted the motion for summary judgment, dismissing De Matteo from the suit. On September 2, 1999 the trial court issued an amended judgment which reiterated the ruling of the August 13th judgment and also declared the judgment appealable pursuant to La. C.C.P. art. 1915(B).[1] Plaintiff filed a timely motion for appeal from both judgments.[2]
On appeal plaintiff makes the following assignments of error:
(1) The district court erred when it held that the defendant, Carlo De Matteo, did not have a duty to protect the plaintiff, Randy Ledet, from criminal acts by third persons; and that there is no genuine issue of fact that this duty was breached.
(2) The district court erred holding there was no genuine issue of fact that [the] lease agreement between Carlo De Matteo and his tenant relieved Carlo De Matteo from liability under R.S. 9:3221, for injuries caused to Randy Ledet.
"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). Art. 966 further provides, in pertinent part:
B.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and *245 that mover is entitled to judgment as a matter of law.
C.... (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Although the owner or operator of a facility has the general duty to exercise reasonable care for the safety of persons on his premises and the duty not to expose such persons to unreasonable risks of injury or harm, this duty does not extend to unforeseeable or unanticipated criminal acts by third persons. Mundy v. Department of Health and Human Resources, 620 So.2d 811, 813 (La.1993). Nevertheless, our supreme court has held that "any business which invites the company of the public must take `reasonably necessary acts to guard against the predictable risk of assaults.'" Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1369 (La.1984). Further, a duty of protection which has been voluntarily assumed must be performed with due care. Id. A business which undertakes to hire a security guard to protect itself and its patrons is liable for physical harm which occurs because of negligence on the part of that guard. Id.
Thus, owners of businesses and/or business premises have sometimes been found liable where their patrons were assaulted by third parties. See, e.g., Mundy, supra; Harris, supra; Patrick v. Employers Mut. Cas. Co., 99-94 (La.App. 3 Cir. 8/11/99), 745 So.2d 641, writ denied, 99-2661 (La.11/24/99), 750 So.2d 987; Romaguera v. Piccadilly Cafeterias, Inc., 94-374 (La. App. 5 Cir. 12/14/94), 648 So.2d 1000, writs denied, 95-93 (La.3/10/95), 650 So.2d 1183, and 95-124 (La.3/10/95), 650 So.2d 1184.
However, a landowner is not usually held liable for injuries which occur on adjacent property. Bezet v. Original Library Joe's, Inc., 98-1467, p. 17 (La.App. 1 Cir. 6/25/99), 747 So.2d 77, writ denied, 99-2836 (La.12/17/99), 751 So.2d 879. In considering whether a landowner's duty should be extended to adjacent or nearby property, factors to be considered include such matters as whether the owner invited its patrons to use that property and whether the property provided a means of access to business premises. Id.
Although a duty to protect may arise "when there is, or should have been, an awareness of a pattern of conduct which made the particular injury-causing criminal conduct foreseeable," Bezet, supra, where no such showing has been made it is unreasonable to hold a business responsible for the safety of persons who were only contemplating becoming patrons of a business, where injury is caused by the intentional acts of others inflicted off the premises. See, e.g., Hebert v. Taco Bell Corp., 613 So.2d 729, 733 (La.App. 4 Cir.1993); Bezet's, supra.
Further, La. R.S. 9:3221 provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
In Fontan v. Estopinal, 529 So.2d 1330 (La.App. 5 Cir.1988), writ denied 533 So.2d 17, this Court upheld the validity of a *246 provision under La. R.S. 9:3221, finding that lease provision effectively absolved the owner of the leased premises from liability for the plaintiffs injuries where there was no showing that defendant either should have known of a defect, or that he had been advised of a defect and failed to remedy it within a reasonable time. 529 So.2d at 1334. See also, Nelson v. Torian, 96-176 (La.App. 3 Cir. 6/26/96), 676 So.2d 773, writ denied, 96-1938 (La.11/15/96), 682 So.2d 761; Muse v. Katz, 93-1066 (La.App. 4 Cir. 2/11/94), 632 So.2d 846, 848; Hinton v. Hopkins, 626 So.2d 49, 50 (La.App. 1 Cir.1993); Matt v. Cox, 478 So.2d 918, 919-920 (La.App. 1st Cir.), writ denied, 479 So.2d 913 (La.1985).
In this case, plaintiff was not yet even a patron of D.C.'s Lounge, but was simply discussing whether to go there. The unknown individuals who attacked plaintiff are not alleged to have been patrons or prospective patrons of D.C.'s Lounge. Further, the attack took place in the parking lot at 116 Terry Parkway, within the M.A. Green Shopping Center, alleged to be "adjacent to" D.C.'s Lounge, but not alleged to be on premises owned by defendant De Matteo. The record on appeal contains no diagrams, maps, drawings or measurements that either illustrate the vicinity of the attack or show the relative distance of the property owned by De Matteo to the site of the attack.
Finally, De Matteo leased the property to Chick under a lease in which Chick assumed responsibility for condition of the premises.
Considering the above, we conclude that the mover for summary judgment, De Matteo, came forward with a showing that there was no defect or danger on or near the premises for which he had a duty to be liable. Plaintiff failed to show that he would be able to rebut De Matteo's showing. Accordingly, summary judgment was properly granted. The judgment is affirmed. Costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] That article provides:

When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
La. C.C.P. art. 1915(B)(1).
[2] We note that, in fact, the "amended judgment" of September 2, 1999 is without effect and was unnecessary, as a designation of appealability under Article 1915(B) need not be part of the judgment itself and may be made in a separate document. The September 14th motion for appeal was timely, however, as a devolutive appeal of the August 13th judgment, pursuant to La. C.C.P. art. 2087.