774 So.2d 1277 (2000)
Berlynn NAQUIN, Personally, and as Legal Tutrix for the Minor Children Jackie M. Naquin, Rusley J. Guidry, Jr. and Jamie Guidry
v.
Bonnie FORTSON, Matthew T. Fortson, The Times Picayune Publishing Company, ABC Insurance Company, DEF Insurance Company and XYZ Insurance Company.
No. 99 CA 2984.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*1278 John B. Davis, II, Baton Rouge, LA, Attorney for Intervenor American Waste.
William S. Culver, Metairie, LA, Attorney for Plaintiff Berlynn Naquin.
Philip J. McMahon, Houma, LA, Attorney for Appellee Defendant Liberty Mutual Fire Ins. Co.
Ray A. Collins, Larose, LA, Attorney for Bonnie Fortson and Matthew Fortson.
G. Bruce Parkerson, New Orleans, LA, Attorney for Times Picayune.
BEFORE: FOIL, FITZSIMMONS and GREEN[*], JJ.
FOIL, Judge.
This is an appeal from the trial court's granting of summary judgment in favor of Liberty Mutual Insurance Company, finding it did not provide coverage under a commercial general liability policy issued to its insured, Bonnie Fortson. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL BACKGROUND
At about 5:30 a.m. on December 13, 1996, Rusley J. Guidry was working as a garbage collector. He was crushed to death against his garbage truck by Bonnie Fortson, who fell asleep at the wheel of her vehicle while delivering newspapers for the Times-Picayune Publishing Company. Suit was filed by his wife, Berlynn Naquin, individually and on behalf of their three minor children, and his mother, Delina D. Guidry.
When Mrs. Fortson was hired by the Times-Picayune, she signed an independent dealer's contract, under the terms of which she was required to obtain commercial general liability insurance with limits of $300,000. The contract further stated that the policy was to name the Times-Picayune as an additional insured and a certificate of the insurance was to be provided to the Times-Picayune as evidence of such insurance. Mrs. Fortson received from the Times-Picayune a letter from its agent, the John L. Gwydir Company, Inc., offering to sell her CGL insurance as required by the terms of the independent dealers contract. Mrs. Fortson agreed to purchase the coverage and signed the bottom of the letter. It is important to note that the letter specifically states: "Be advised that Commercial General Liability Insurance does not include Automobile Liability Insurance coverage. You should arrange to purchase Automobile Liability Insurance separately." At the bottom of the letter, Mrs. Fortson elected to pay premiums directly to the Times-Picayune *1279 at a rate of $6.50 per month, and the Times-Picayune would then remit the premiums to the Gwydir Company. The CGL coverage Mrs. Fortson purchased through the Times-Picayune was underwritten by Liberty Mutual.
One of the defendants named in this case was Liberty Mutual. After the completion of discovery, Liberty Mutual filed a motion for summary judgment. It argued that the CGL policy did not provide coverage for the accident because, as in all CGL policies, it specifically excluded coverage for any personal liability of Mrs. Fortson for injuries to third persons arising out of the use of any automobile. Liberty Mutual claimed that is the reason Mrs. Fortson carried a separate policy of automobile liability insurance through Allstate. In support of its motion, Liberty Mutual submitted: a copy of the insurance policy at issue; copies of its requests for admission and Mrs. Fortson's responses thereto; a copy of the independent dealer's contract, which Mrs. Fortson signed when she entered into employment with Times-Picayune; and a copy of the solicitation letter sent to Mrs. Fortson by the John L. Gwydir Company.
In their petition and in opposition to the motion, plaintiffs asserted that the automobile liability exclusion should be stricken on the basis that a copy of the CGL policy was not delivered to Mrs. Fortson at any time prior to the accident as required by La.R.S. 22:634 A. In support of their opposition, plaintiffs submitted the same documentation as Liberty Mutual, except they also submitted a letter written to their attorney from Liberty Mutual's attorney stating that Liberty Mutual's "records do not reflect issuance of a policy to Bonnie Fortson."
After a hearing, the trial court granted summary judgment in favor of Liberty Mutual, dismissing it from the suit. The court designated it to be a final judgment for the purpose of an immediate appeal. See La.Code Civ.P. art. 1915. This appeal by plaintiffs followed.

DISCUSSION
On appeal, plaintiffs assert that the trial court erred in granting Liberty Mutual's motion for summary judgment, in effect upholding the automobile liability exclusion in the CGL policy purchased by Mrs. Fortson. Plaintiffs argue that La. R.S. 22:634B is inapplicable to this case because it concerns policies of liability insurance on a motor vehicle or aircraft, and does not apply to CGL policies. Rather, they claim that Section A applies to this case. Under Section A, Liberty Mutual was required to deliver to Mrs. Fortson a copy of the CGL policy, which it did not do. As such, plaintiffs assert that Mrs. Fortson was not aware of the exclusions and did not become aware of them until she notified Liberty Mutual of plaintiffs' claims against her. Plaintiff's argue that the fact that Mrs. Fortson purchased minimal automobile liability insurance does not prove that she was aware of the exclusions in her CGL policy, nor do her responses to Liberty Mutual's requests for admissions. Finally, plaintiffs contend that, even if section B does apply, the solicitation letter does not qualify as a memorandum of coverage under that section.
La.R.S. 22:628 mandates written insurance contracts. La.R.S. 22:634A provides that every policy of insurance shall be delivered to the insured or to the person entitled thereto within a reasonable period of time after its issuance. The law requires that an insured be informed of a policy's contents. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250, 1252 (La.1993). Notice of any exclusionary provisions is essential because the insured will otherwise assume the desired coverage exists. Thus, exclusions are not valid unless clearly communicated to the insured. Id. at 1252-1253. If an insurer fails to comply with the statutory requirement of delivery, it cannot rely on its policy exclusions. Id. at 1253.
In this case, the policy in question states that the named insured is "All Participating Independent Dealers under contract *1280 with The Times-Picayune Publishing Corporation." The policy further states that the named insured is an unincorporated association and that its business is a newspaper dealer. Obviously, numerous independent dealers joined together and formed an association for the purpose of purchasing a single policy of CGL insurance. These dealers "split" the cost of the policy, which was then paid for in whole by the Times Picayune. This conclusion is supported by the fact that Mrs. Fortson's share of the premium was only $6.50 per month, which amount was billed monthly by the Times-Picayune. In situations like this, we find that it suffices that the named insured, or association as a whole, receives a copy of the policy. Moreover, we feel that the principles underlying the delivery requirement were met in this case; that is, Mrs. Fortson was clearly aware that automobile liability coverage was excluded under the CGL policy. This fact was clearly stated in the solicitation letter she signed. Indeed, Mrs. Fortson obtained a policy of automobile liability insurance through Allstate.
In conclusion, we disagree with the assertions made by plaintiffs in this appeal. The undisputed facts of this case indicate that the accident was caused while Mrs. Fortson was driving her automobile delivering newspapers for the Times-Picayune. We find that the Liberty Mutual exclusion clearly and explicitly excludes coverage for any personal liability of Mrs. Fortson for injuries to third persons arising out of the use of any automobile, a fact Mrs. Fortson was obviously aware of. The trial court correctly determined that the exclusionary clause of the Liberty Mutual policy is applicable and, as such, Liberty Mutual was entitled to summary judgment as a matter of law. La.Code Civ.P. art. 966.
For these reasons, the judgment appealed from is affirmed at plaintiffs' cost.
AFFIRMED.
NOTES
[*] Judge Alan J. Green of the Twenty-Fourth Judicial District Court serving Pro Tem. by special appointment of the Louisiana Supreme Court.