CLARENCE E. McMANUS, Judge.
 

 | gPlaintiff, Bennie Patterson, appeals from a ruling of the trial court granting summary judgment in favor of defendants, Carlo and Louana DeMatteo, dismissing plaintiffs claim against them. For the reasons that follow, we affirm the decision of the trial court.
 

 Eric Patterson, plaintiffs son, was a security guard at Big Dawg’s Lounge, a bar in Gretna, Louisiana. On April 28, 2007, Eric Patterson was shot several times by an unknown assailant while standing in the parking lot in front of the building that housed the bar. Plaintiff filed this suit for wrongful death, naming as defendants the owners/lessors of the building, Carlo and Louana DeMatteo, lessee of the building, Nex-Gen Management, and the owners of the business (Big Dawg’s Lounge), Michael Calegan and Carol Parrino. In his claims against the DeMatteos, plaintiff alleged that they were negligent in failing to recognize the foreseeability of criminal activity on the premises, failing to have an adequate security plan for dealing with the criminal activity and failing to have proper regard for the safety of others.
 

 |sThe DeMatteos filed a motion for summary judgment alleging that they breached no duty owed to plaintiffs son and that they did not know or have reason to know that an unknown third party would commit a random criminal act on the premises that they owned and leased to others. The motion for summary judgment was granted by the trial court, and the DeMatteos were dismissed from the suit. The trial court further certified the judgment as final for purposes of immediate appeal.
 

 A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to
 
 *1096
 
 material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Fat Tuesday Cafe, L.L.C. v. Foret,
 
 06-738 (La.App. 5 Cir. 2/13/07), 953 So.2d 821.
 

 This Court’s review of a grant or denial of a motion for summary judgment is de novo.
 
 Jones v. Estate of Santiago,
 
 O3-1424, (La.4/14/04), 870 So.2d 1002, 1006. This Court asks the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Ocean Energy, Inc. v. Plaquemines Parish Government,
 
 04-0066 (La.7/6/04), 880 So.2d 1.
 

 |4In support of the motion for summary judgment, defendants introduced the police report of the shooting, to prove that the decedent was shot by an unknown assailant. They introduced their affidavits, which stated that they were the owners of the property and that the property was leased to Nex-Gen at the time of the shooting, that they were not involved in the operation of the bar in any way, and they were not present at the time of the shooting nor did they have employees or agents present at the time of the shooting. Defendants further averred and the lease documents showed that there was no provision for control of the business operations or security provisions. The lease document provided that “Lessee must carry his or her own insurance for liability and contents of building.”
 

 In opposition to the motion for summary judgment, plaintiff introduced copies of the police report of the incident and the lease, and the report of Dr. William E. Thornton, an expert in the areas of forensic criminology and security. He examined the crime reports for building in which Big Dawg’s is located for a period from 2000 to April 2007, and the crime records for the surrounding area for a period from 2005 to April 2007, and concluded that there was a reasonable foreseeability for violent crime to occur on the premises and that the owners should have monitored criminal activity and provided subsequent security measures. Dr. Thornton did not distinguish between the owners of the business and the owners of the immovable property in his report.
 

 In determining whether liability exists under the particular facts presented, the Louisiana Supreme Court has adopted a duty-risk analysis. Under this analysis, the plaintiff must prove that conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of |fiprotection afforded by the duty breached.
 
 Posecai v. Wal-Mart Stores, Inc.,
 
 99-1222, (LA.11/30/99), 752 So.2d 762.
 

 The threshold issue is whether the defendant owed the plaintiff a duty. Duty is a question of law. Generally, there is no duty to protect others from the criminal activities of third persons.
 
 Harris v. Pizza Hut of Louisiana, Inc.,
 
 455 So.2d 1364, 1371 (La.1984). The duty to protect from the criminal act of others arises under limited circumstances only, when the criminal act in question was reasonably foreseeable to the owner of the business.
 
 Ponsecai, supra.
 
 Further, a
 
 *1097
 
 duty of protection which has been voluntarily assumed must be performed with due care. A business which undertakes to hire a security guard to protect itself and its patrons is liable for physical harm which occurs because of negligence on the part of that guard.
 
 Harris, supra; Ledet v. Doe,
 
 00-112 (La.App. 5 Cir. 5/17/00), 762 So.2d 242.
 

 The business in this case was the bar known as Big Dawg’s Lounge. Defendants, the DeMatteos, are not the owners of the business, but are the owners only of the immovable property leased to the owners and/or agents of the owners of the business. Defendants are not involved in any aspect of the business, nor did they assume any liability for actions of the owners of the business. Furthermore, they did not undertake or assume the duty to provide protection or security.
 

 In
 
 Joseph v. Doe,
 
 377 So.2d 875 (La.App. 4 Cir.1979), under very similar circumstances, the Court said that the relationship between a lessor and a lessee does not render the lessor liable for the negligence of the lessee in the conduct of its business. In that case, plaintiff was shot by an unknown assailant while inside a bar. Plaintiff sued the unknown assailant, the bar owner/lessee and the property owner/lessor. The court noted that the allegations of the petition, along with the | ^affidavits of plaintiff and property owner, established only a lessor/lessee relationship between the owner and the operator of the bar.
 

 In support of his contention that the trial court erred in granting summary judgment, plaintiff/appellant cites
 
 Adams v. Traína,
 
 36,306 (La.App. 2 Cir. 10/25/02), 830 So.2d 526,
 
 writ denied
 
 02-2844 and 02-2898 (La.2/7/03), 836 So.2d 101, 102, where the Second Circuit Court of Appeal held that a premise owner can be liable in tort for failing to take reasonable measures to protect its invitees from harm caused by the criminal acts of third parties. We believe that the Adams case is distinguishable from the instant matter. In
 
 Adams,
 
 defendant Traína not only owned the land and building, he also owned and operated several businesses in the building, including a car wash, the Ebony Club (a “bottle club” which means that alcohol may be consumed but not sold there), and Traína Oil Co., a business entity that sold liquor, beer and wine, which patrons of the Ebony Club would purchase. One night a fight broke out and bystander Adams was shot in the parking lot while leaving the Ebony Club. The Second Circuit Court of Appeal, in reversing a grant of a motion for involuntary dismissal, considered testimony of the frequency of police calls to the parking lot (25 in two years), of the neighbors who described the activities in the parking lot that included shootings, fights, loud music and profanity, and that Traína was aware that there was drinking in the parking lot, but did not employ security to stop such actions.
 

 In this case, the DeMatteos owned the property, but had no ownership or control of the businesses operating in the property. The people patronizing those businesses were not invitees of the DeMatteos, but rather invitees of the businesses. Thus the Adams case, in which defendant not only owned the immovable property, but also owned and/or had control of the businesses that were operated on the property, is not applicable.
 

 |7We find that under the circumstances of this case, defendants owed no duty to protect the patrons of the business from the criminal acts of unknown third parties. Accordingly, the trial court did not err in granting defendant’s motion for summary judgment and dismissing plaintiffs suit against them.
 

 
 *1098
 
 For the above discussed reasons, the decision of the trial court granting summary judgment in favor of defendants Carlo and Louana DeMatteo is affirmed. All costs are assessed against appellant.
 

 AFFIRMED.